Geo. V. Baker *v.* Immanuel Searle and Philip Arnold.

Petitions for the appointment of a guardian of the person and estate of one who is wasting his property, and is likely to become chargeable upon the town, may be preferred by any inhabitant of the town, and need not be signed by the overseer of the poor.

A person signing such a petition is liable for costs in case of an appeal, and cannot make service of the petition as a disinterested person.

This was an appeal from the decree of the Court of Probate of the town of Warwick, appointing Daniel R. Whitman guardian of the person and estate of the appellant. The petition for the appointment of the guardian was signed by said Searle and Arnold, inhabitants of Warwick, and set forth that the appellant was wasting his property, and was likely to become chargeable upon the town. The citation, which was directed to the "Sheriff, his deputies, the Town Sergeant or either of the Constables, or any disinterested person," was served upon the appellant by the said Philip Arnold. The grounds of the appeal were, first, that the proper person to prefer the petition was the Overseer of the Poor, and not the said Searle and Arnold; and second, because the Court of Probate overruled the motion in writing of Baker to dismiss the petitition, on the ground that the citation was served by one of the petitioners.

*Cozzens* for the appellant.]

*Potter* for the appellees.

GREENE, C. J. This case comes before us by an appeal from a decree of the Court of Probate of the town of Warwick, appointing Daniel R. Whitman guardian of the person and estate of George V. Baker. It appears that the petition for the appointment of the guardian was signed by Immanuel Searle and Philip Arnold.

One of the grounds of the appeal is, that it should have been signed by the Overseer of the Poor, inasmuch as the ground for the appointment of guardian was, that the appellant was likely to become chargeable upon the town. But we do not think that this is the true construction of the law. We think that any person, and certainly any inhabitant of the town where the person complained of resides, is competent to bring the matter before the Court by petition. In this opinion the whole Court concur.

The second objection is, that the citation was served by one of the petitioners. The statute provides that the citation shall be served by the " Sheriff, his deputies, the Town Sergeant or either of the Constables, or any disinterested person." A majority of the Court (Greene, C. J., and Brayton, J.,) are of opinion that the petitioner is not a disinterested person. The Court would not go so far as to say, that if the case terminated in the Court below the service would not be valid. No costs are decreed there, and the petitioner derives no pecuniary advantage from the proceedings. But upon a decree he may appeal, and then gives a bond to pay the costs and becomes upon the record a party to the proceedings. This may occur, and so he may become liable for costs, and not, in the sense of the statute, disinterested. It is with great reluctance that we come to this conclusion. The Court

are always anxious to sustain the proceedings of our Probate Courts by a liberal construction of the law, and will not reverse them for objections which are purely technical. But this is an irregularity which cannot be overlooked, and the decree must be reversed.

HAILE, J., dissenting.